# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PAUL R. BRZYCKI,

    Petitioner,

    v.                                            Case No. 06-C-167

WILLIAM POLLARD,

    Respondent.

## ORDER

On February 8, 2006, petitioner Paul Brzycki filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his November 22, 2002, conviction of burglary, substantial battery, and recklessly endangering safety. Brzycki was sentenced to 20 years in prison and 10 years of supervision. The court will review Brzycki's federal habeas petition pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases, and will dismiss Brzycki's petition because it presents a procedurally defaulted claim and an unexhausted claim.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." *See id.* This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial

Rule 4 review of habeas petitions, the court will analyze whether the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

The court begins its Rule 4 review by examining Brzycki's petition for timeliness. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002).

The one-year limitation is tolled pursuant to the provisions in 28 U.S.C. §§ 2244(d)(1)(B)-(D) and (2). *See Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999). The one-year limitation period may be equitably tolled if a state prisoner encounters some impediment other than those covered in §§ 2244(d)(1)(B)-(D) and (2) which prevents the filing of the federal habeas petition. *Taliani*, 189 F.3d at 598; *see also Johnson v. McCaughtry*, 265 F.3d 559, 565 (7th Cir. 2001).

Here, it appears Brzycki's petition is timely. According to the information provided in his federal habeas petition, Brzycki's conviction became final on July 6, 2005, which is ninety days after the Supreme Court of Wisconsin denied Brzycki's petition for review. Thus, the one-year limitation period began on July 7, 2005, and on January 8, 2006, Brzycki placed his federal habeas petition in the prison mail

system. Therefore, by the court's calculation, Brzycki filed his action within the one-year limitation period mandated by Section 2244(d)(1).

The court next reviews Brzycki's petition under Rule 4 to determine whether any of his claims have been procedurally defaulted. It appears that Brzycki's first claim, that the trial court erred when it failed to address Brzycki's *pro se* motion to withdraw his guilty plea, has been procedurally defaulted. A state prisoner procedurally defaults a constitutional claim in a federal habeas petition by failing to raise the claim in a manner prescribed by state procedural laws. *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000). The Wisconsin Court of Appeals stated that Brzycki waived the right to appeal the issue because he failed to pursue it at the trial court level. The Wisconsin Court of Appeals held that,

> Brzycki waived his right to raise this issue on appeal because he abandoned the plea withdrawal motion when he proceeded to sentencing without raising the issue. Brzycki had a clear opportunity to bring this issue to the court's attention. He chose not to, and therefore waived his right to seek appellate review on the trial court's failure to rule on his *pro se* motion.

*State v. Brzycki*, Appeal No. 03-3541-CR, ¶ 12 (Wis. Ct. App. Dec. 21, 2004).

Federal habeas corpus review is precluded when a state court did not reach a federal issue because it applied a state procedural rule. *Gomez v. Jaimet*, 350 F.3d 673, 677 (7th Cir. 2003). Wisconsin has a procedural rule providing that if a party fails to pursue a motion after it has been filed, it is effectively abandoned. *State v. Woods*, 144 Wis. 2d 710, 716, 424 N.W.2d 730, 732 (Wis. Ct. App. 1988). When, under this rule, the state court declines to review a claim, the state court decision rests upon a state law ground that is both "independent of the federal question and

adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991).

An independent and adequate state ground bars federal habeas review of constitutional claims if the last state court rendering judgment in the case "clearly and expressly" states that its judgment rests on the state procedural bar. *Harris v. Reed*, 489 U.S. 255, 263 (1989). Here, The Wisconsin Court of Appeals was the last state court to consider Brzycki's claim; the Supreme Court of Wisconsin denied review. The Wisconsin Court of Appeals "clearly and expressly" found that Brzycki had waived his right to raise the issue on appeal by failing to pursue the issue at trial. Thus, the court concludes that waiver was an independent and adequate state-law basis for ruling against Brzycki, and that such basis is sufficient to establish a procedural default.

The court continues its Rule 4 review by examining Brzycki's petition to determine whether he has exhausted his state remedies. The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of his federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). If a federal habeas petition has even a single unexhausted claim, the district court must dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim or amending or resubmitting the petition to present only exhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A prisoner exhausts

his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir. 1990).

Here, it appears from the face of Brzycki's' federal habeas petition he has not exhausted his state remedies. Brzycki set forth one claim in his appeal to the Wisconsin Court of Appeals: that the trial court erred when it failed to address Brzycki's *pro se* motion to withdraw his guilty plea. In his federal habeas petition, Brzycki sets forth two claims: (1) that the trial court erred when it failed to address Brzycki's *pro se* motion to withdraw his guilty plea, and that the Wisconsin Court of Appeals abused its discretion by affirming the trial court's decision; and (2) in a brief attached to his petition, Brzycki claims that he was denied the effective assistance of counsel at trial. Only the first of these two claims was presented to the Wisconsin Court of Appeals and the Wisconsin Supreme Court for a ruling on the merits.

While it appears the first issue raised in his federal habeas petition is procedurally defaulted, the court believes the Wisconsin courts may be prepared to give meaningful review to Brzycki's allegation of ineffective assistance of counsel in the Wisconsin courts. In a proceeding before the Milwaukee County Circuit Court to rule on a motion for modification of sentence, Judge David A. Hansher stated that his ruling denying the motion does not preclude Brzycki from proceeding with an ineffective assistance of counsel motion.[1] (Tr. of Dec. 2, 2003 Proceeding, 9.) It

---

[1] Brzycki's petition indicates that he has not filed a motion for post-conviction relief other than direct appeal, *see* Pet. § III, however, the transcript of a hearing which took place on December 2, 2003, before the Honorable David A. Hansher in the Milwaukee County Circuit Court is attached to Brzycki's petition. While the proceeding may have been held to address a post-conviction motion under Wis. Stat. § 974.06, the transcript of the proceeding indicates that, as stated above, Judge Hansher granted Brzycki leave to file an ineffective assistance of counsel motion. As such, the court does not conclude that Brzycki's claim of ineffective assistance of counsel is procedurally defaulted.

appears from Brzycki's' federal habeas petition that he did not proceed with a claim of ineffective assistance of counsel in state court. Accordingly, the court is obliged to dismiss Brzycki's federal habeas petition because it contains an unexhausted claim. *See Rose*, 455 U.S. at 510. Should Brzycki proceed with his claim in state court, the court notes that the one-year limitation period for Brzycki to file a federal habeas petition, (currently set to expire on July 7, 2006), would be tolled pursuant to 28 U.S.C. § 2244(d)(2), for the period of time that Brzycki's properly filed state court action is pending in state court.

Accordingly,

**IT IS ORDERED** that the petition be and the same is hereby **DISMISSED** without prejudice so that Brzycki may exhaust his claims.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of March, 2006.

BY THE COURT:

s/J.P. Stadtmueller
J.P. STADTMUELLER
U.S. District Judge

-6-
Case 2:06-cv-00167-JPS    Filed 03/28/06    Page 6 of 6    Document 2